**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAO LIN, | No. 15-71900 |
| Petitioner, | Agency No. A087-849-914 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020**

Before: CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Hao Lin, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual

---

   *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Lin failed to establish he suffered harm that rises to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (detention, beating, and interrogation did not compel a finding of past persecution). We reject Lin's contention that the agency failed to consider evidence of harm to himself and his family. Substantial evidence also supports the agency's determination that Lin did not establish a well-founded fear of future persecution. *See id.* at 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"); *see also Ren v. Holder*, 648 F.3d 1079, 1094 (9th Cir. 2011) (corroborative evidence, along with the rest of the evidence in the record, did not compel the conclusion that the petitioner had met his burden of proof). The record does not support Lin's contention that the agency failed to provide him an opportunity to explain why further corroborative evidence was not available. *See Ren*, 648 F.3d at 1094 (discussing the IJ's responsibilities in providing an opportunity to respond). Thus, Lin's asylum claim fails.

Because Lin failed, for purposes of asylum, to establish past harm severe enough to rise to a level of past persecution or to establish a well-founded fear of such harm in the future, he necessarily fails to meet the more stringent standard

15-71900

required for withholding of removal. *See Zehatye*, 453 F.3d at 1190 (recognizing that the withholding of removal requirement to show a "clear probability" of persecution is "more stringent than the well-founded fear standard governing asylum.").

Finally, substantial evidence supports the agency's denial of CAT relief because Lin failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to China. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

**PETITION FOR REVIEW DENIED.**